UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANNETTE WILLIAMS, | ) | |
| | ) | CASE NO. 3:18cv00211RLM-MGG |
| Plaintiff, | ) | |
| v. | ) | This Document Relates To: |
| | ) | Case No. 3:12-MD-2391RLM-MGG |
| BIOMET, INC., et al. | ) | |
| | ) | |
| Defendants | ) | |

<u>MEMORANDUM AND ORDER</u>

Annette Williams sued Biomet in the District of Utah, pursuing state law tort, contract, and consumer law claims after she underwent revision surgery due to problems with her M2a hip implant. The Judicial Panel on Multidistrict Litigation transferred her case to this court's Biomet MDL docket, MDL-2391. [Doc. No. 7]. Ms. Williams has moved to compel Biomet to respond to 36 interrogatories and requests for admissions to which Biomet has objected. I heard argument on the motion to compel (and for sanctions) on August 22.

The parties seem to agree on what has happened procedurally. Ms. Williams provided Biomet with her Plaintiff Fact Sheet in May 2018. Case-specific discovery for the group that includes this case opened in November 2018. The parties deposed the implanting surgeon in February 2019, and Ms. Williams served her interrogatories and requests for production on Biomet in March. In April, Biomet served on Ms. Williams the Defendant Fact Sheet (the Case Management Order called for service in September 2018), a complaint file containing any documents in Biomet's custody related to Ms. Williams or her surgery (manufacturing records for Ms. Williams' device; Biomet's risk

management analysis; and Biomet's complaint handling and adverse event reporting to the FDA regarding Ms. Williams's surgeries), notice that Biomet didn't have a relationship with Ms. Williams's surgeon (which would have required production of a surgeon file), and responses.

In May, the parties chose dates for depositions of Ms. Williams, the sales representative, and Ms. Williams's revising surgeon. Ms. Williams refused to go forward with the pending depositions due to the discovery dispute. She filed her motion to compel in June, after meet-and-confer efforts collapsed. Case-specific discovery in this case's group closed in July.

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A party may move to compel discovery if the opposing party "fails to answer an interrogatory submitted under Rule 33[,] . . . fails to produce documents . . . as requested under Rule 34[,]" or provides an evasive or incomplete answer or response. Fed. R. Civ. P. 37(a)(3)–(4).

"The burden rests upon the objecting party to show why a particular discovery request is improper," Kodish v. Oakbrook Terrace Fire Prot. Dist., 235 F.R.D. 447, 450 (N.D. Ill. 2006) citing Rubin v. Islamic Republic of Iran, 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004)), and that showing must be made with specificity. Cunningham v. Smithkline Beecham, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing Graham v. Casey's General Stores, 206 F.R.D. 251, 254

(S.D. Ind. 2002)). A court deciding whether to limit discovery should "consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (quoting Rowlin v. Alabama, 200 F.R.D. 459, 461 (M.D. Ala. 2001)) (internal quotation marks omitted).

A.

Ms. Williams moves to compel responses to interrogatories to which she believes Biomet made boilerplate objections, which the rules don't allow. Biomet has withdrawn the objections that Biomet described as "general" and the plaintiff called "boilerplate." The objections appeared to lean toward the boilerplate side of the spectrum: they set forth general grounds upon which Biomet contended the material sought wasn't discoverable, but didn't explain just how the objection applied to the information sought. But Biomet's response to the motion to compel laid its reasoning out well, and when one looks back at the "general" objection, the objection is perfectly clear: Biomet argues that it already has produced the requested information, either to the plaintiffs' steering committee or to Rocket Trak, a third party vendor from which Ms. Williams can obtain the information under the same terms that would apply to Biomet. That doesn't mean the objections are sufficient, but they aren't impermissible boilerplate responses.

Biomet's response to the motion to compel says that it withdraws its general objections, "with the exception of No.5, which preserves privilege[.]" Biomet used the same language in General Objection No. 5 in its objections and responses to both the interrogatories and requests for production: Biomet objected "to the extent that they seek information or documents that are subject to attorney-client privilege, work-product doctrine or other protections." This objection is a blanket, general objection that lacks the specificity required for assertion of a privilege in discovery. *See* Yessenow v. Hudson, 270 F.R.D. 422, 427 (N.D. Ind. 2010) (citing Cunningham v. Smithkline Beecham, 255 F.R.D. 474, 478 (N.D. Ind. 2009). To the extent Biomet has asserted a privilege objection to any of the interrogatories or requests for production, it provides no basis for refusal to produce the information. But since Biomet doesn't appear to have withheld any information or documents on the strength of its privilege assertion, the court denies the motion to compel insofar as it is based on the inadequacy of that objection.

B.

This MDL docket has been operative since 2012. Hundreds of cases already have been remanded or transferred to other courts for trial, with all parties and courts understanding that most case-specific, and all non-case-specific discovery (also described as "general" and "generic" in past orders), has been completed in the MDL court.

For the most part, Biomet has satisfied its discovery obligations in two ways. First, Biomet produced millions of documents and custodian-deponents early in the docket's life. Most of those, as I understand it, related to the development and manufacture of, the dissemination of information about, and negative information known to Biomet relating to, the Biomet devices at issue in this docket.

Second, with respect to each plaintiff whose case entered this docket, Biomet produced to the Plaintiffs' Steering Committee a plaintiff-specific "Defendant's Fact Sheet" and a plaintiff-specific complaint file. I don't understand Ms. Williams to claim that Biomet didn't produce her fact sheet and complaint file to the steering committee. Biomet reports that it arranges for each plaintiff's full medical records to be kept by a third-party vendor named Record Trak, which in turn makes the records available to plaintiffs on the same terms the records are available to Biomet.

Several of Ms. Williams's interrogatories and document requests seek information contained in the medical records kept by the third-party vendor. Other interrogatories and requests seek information that is included in the information turned over to the Plaintiff's Steering Committee. Biomet responded to some of those interrogatories and requests by specifically directing Ms. Williams to the Plaintiffs' Steering Committee and the third-party vendor. Ms. Williams contends that isn't good enough, that Biomet must

produce the requested information and documents to her counsel rather than simply point her to a bucket full of discovery.

Ms. Williams might be right if this case wasn't part of a multi-district litigation docket. The Judicial Panel on Multidistrict Litigation created this MDL docket because it would "promote the just and efficient conduct of" the constituent cases. *See* 28 U.S.C. § 1407(a). Among the ways in which an MDL docket can further that statutory goal is by reducing the need for each individual plaintiff to retain expert witnesses, by reducing the need for expert witnesses and corporate officers to give depositions in each of hundreds or thousands of cases, and by reducing the burden of discovery on a defendant facing thousands of claims.

Court orders, including a transferee court's case management orders, can limit the scope of discovery. Fed. R. Civ. P. 26(b)(1). Biomet produced hundreds of thousands of documents in electronic form to Record Trak for the Plaintiffs' Steering Committee, which serves as a stand-in for each plaintiff for purposes of receipt of discovery materials. The files are readily searchable. Ms. Williams says she shouldn't have to conduct that search (which carries a cost as well as a risk that her search would miss documents pertinent to her case) because the rules of procedure place that burden on Biomet. If she's right, a defendant in a mass tort MDL would have to search through the same electronic files thousands of times to narrow the pile of files down to those relating to a given plaintiff. Or Ms. Williams must conduct the search, but only

once. Ms. Williams's argument would defeat one of the main efficiencies of the MDL process.

Biomet has already produced the general documents and information that Ms. Williams wants. Principles of proportionality favor each plaintiff conducting a single, more specific search, as opposed to Biomet conducting hundreds or thousands of more specific searches. The analysis might differ if the materials weren't readily searchable, but I don't understand Ms. Williams to disagree as to whether she could conduct a search of the electronic files. I will deny Ms. Williams's motion to compel to the extent she asks that Biomet be ordered to identify responsive material that it already produced to the steering committee, either directly or through third-party vendor Record Trak.

## C.

The non-case-specific discovery period closed in December 2015. Everyone agrees that Ms. Williams could seek discovery specific to her case, and can conduct much of that discovery while the case is housed in this MDL docket. Biomet objected to some of Ms. Williams's interrogatories and requests for production on the ground that they seek information not specific to Ms. Williams's claims, and I agree with Biomet as to those objections.

Biomet objected to interrogatories 2, 3, 4, 5, 6, 12, 21 and 22 as premature and calling for legal conclusions. I can't identify any demand for legal conclusions that would make any of these interrogatories improper. The prematurity argument seems to be based on the proposition that Biomet must

complete its own discovery before it can respond to Ms. Williams's discovery requests. Biomet's position has no basis in the law, *see, e.g.,* <u>Remy, Inc. v. Tecnomatic, S.P.A.</u>, No. 1:11-cv-00991-SEB, 2013 WL 118334, at \*1 (S.D. Ind. Mar. 21, 2013), and some of the interrogatories illustrate why this must be so. For example, Interrogatory 21 asks Biomet to state in detail the factual basis for its affirmative defenses. Biomet raised 43 affirmative defenses, including *res judicata* and state-of-the-art. Given the requirements of Rule 11, Biomet must be aware of some factual basis for those assertions; that it might learn more as the case goes on is no reason not to disclose what it knows now.

For these reasons, I grant the motion to compel insofar as it is directed to what Biomet views as premature discovery. Ms. Williams asks for an award of sanctions for Biomet's unsupported opposition and, if those objections are viewed independently from everything else involved in the motion to compel, her position is strong. But the motion to compel also encompasses Ms. Williams's position that Biomet must re-acquire discovery materials it already turned over to a third-party vendor for the benefit of all plaintiffs, and bundle it up again specifically for her. To the extent it matters, most of the relief requested in this motion to compel relates to that position. These circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

Based on this reasoning, I GRANT IN PART and DENY IN PART the motion to compel [doc. 56] and DENY the request for sanctions. Specific rulings are attached as an exhibit to this order.

SO ORDERED this 15th day of November 2019

　　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.

Judge, United States District Court

| | Plaintiff Discovery Request | Biomet Objection | Ruling on Motion to Compel |
|---|---|---|---|
| Int 2 | Do you contend that Plaintiff's Orthopedic Treating Physician(s) failed to follow any warnings you provided in connection with the Biomet Hip System (identified in the definition of BIOMET HIP SYSTEM 7(a)-(g) above)? | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted |
| Int 3 | Do you contend that Plaintiff's Orthopedic Treating Physician(s) was negligent in advising Plaintiff about the risk of the Biomet Hip System? If so, please identify the date of the negligent act and the basis for Defendants' belief that there was negligence. | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted |
| Int 4 | If your answer to the previous Interrogatory is in the affirmative, state what Plaintiff's Orthopedic Treating Physician(s) should | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted |

| | have told Plaintiff regarding the risks of the Biomet Hip System, including the date(s) when these discussions should have occurred. | | |
|---|---|---|---|
| Int 5 | Do you contend that Plaintiff's Orthopedic Treating Physician(s) was negligent in implanting the Biomet Hip System into Plaintiff? If so, please identify the date of the negligent act and the basis for Biomet's belief that there was negligence. | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted |
| Int 7 | Do you contend Plaintiff was not a suitable candidate for receiving the Biomet Hip System? | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted |
| Int 8 | For each component of Plaintiff's Biomet Hip System identified by Plaintiff in response to Section II of the Plaintiff Fact Sheet (hereinafter "PFS") submitted by Plaintiff, please provide the following:<br>(a) The date(s) on which Plaintiff's Device and any components thereto were manufactured (including date for each Device or component identified);<br>(b) Identify the facility(s) at which Plaintiff's Device and any components thereto were manufactured (indicating location/address for | Cumulative, duplicative | Motion to compel denied. Information sought is duplicative |

| | | | |
|---|---|---|---|
| | each Device or component identified); (c) Identify the date of shipment of Plaintiff's Device from you; (d) Identify the entity that delivered Plaintiff's Device from you to the Purchaser; (e) Identify the complete chain of custody, all parties, of the device from you to the healthcare provider; (f) Identify by name and address the person or entity to whom the Device was sold; (g) Produce the Device History Record for the Device that was implanted in plaintiff. | | |
| Int 9 | For each component of Plaintiff's Biomet Hip System identified by Plaintiff as having been implanted, please provide the following: (a) Produce a copy of the complaint file(s), including medical records, if any, for the Plaintiff; (b) Provide the complaint file number(s) that would permit Plaintiff to identify his complaint file, if any, in the general document production. | Cumulative, duplicative But Plaintiff's complaint file number is 0380992. | Motion to compel denied. Apart from case file number provided, information sought is duplicative |
| Int 10 | Provide the name and business address of the sales representative company that received | "Sales representative company" is vague and ambiguous. Cumulative, | Motion to compel denied. Information sought is duplicative. |

|  | | | |
|---|---|---|---|
|  | the Biomet Hip System from You that was implanted in Plaintiff. | duplicative | |
| Int 11 | Provide the name and business address of the sales representative(s) present at the surgical facility at the time Plaintiff's Biomet Hip System (or any component part) was implanted and at the time Plaintiff's Biomet Hip System (or any component part) was explanted. | Cumulative, duplicative. | Motion to compel denied. Information sought is duplicative. |
| Int 12 | [Do] Defendants contend that any party or non-party caused or contributed to cause Plaintiff's claimed injuries in this matter? If so, please state the following: (a) The identifies of each such party or non-party; (b) The nature of any such action or omission of each such party or non-party that caused or contributed to cause the damages alleged in Plaintiff's Petition; and (c) The date of each such act or occurrence. | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted. |
| Int 13 | For each "Dear Doctor" or "Dear Health Care Provider" letter that you contend was sent to Plaintiff's Physician(s), please: (a) Identify the letter sent; (b) State the date that | Cumulative, duplicative. | Motion to compel denied. Information sought is duplicative. |

| | | | |
|---|---|---|---|
| | each letter was sent to Plaintiff's Health Care Provider;<br>(c) State the person to whom each letter was sent;<br>(d) State the address where it was sent; and<br>(e) Identify the database or documents that demonstrate these facts. | | |
| Int 14 | Please state whether Plaintiff's Physician(s) were ever invited to attend and/or did in fact attend any Defendants' sponsored conferences or events. If you answer is "yes," please state the following:<br>(a) The identity of the health care provider attendee;<br>(b) The title, location and date of the conference or event attended;<br>(c) The specific topic of the conference or event;<br>(d) All speakers at the conference or event attended by the health care provider; and<br>(e) Please state the agenda for the conference or program. | Overbroad<br>Not reasonably limited in scope or time frame.<br>Seeks information about other products.<br>More convenient and less burdensome to obtain Plaintiff's medical providers.<br><br>But Biomet will conduct a reasonable search and produce responsive documents. | Motion to compel overruled in light of promise of search. |
| Int 15 | Has Plaintiff's Physician(s) ever contacted you to request information concerning the Biomet Hip System, its indications, its benefits | Overbroad<br>Not reasonably limited in scope or time frame.<br>Seeks information about other products. | Motion to compel overruled in light of conducting a search. |

| | | | |
|---|---|---|---|
| | and/or its risks? If you answer is "yes," please provide the following information:<br>(a) The identity of the health care provider;<br>(b) The date(s) you were contacted;<br>(c) The method of contact (i.e. telephone, e-mail, correspondence, etc.);<br>(d) Identify the person(s) that responded to the health care provider's inquiry, including their name, address, telephone number, whether currently employed by Defendants, job title and dates of employment; and<br>(e) State the sum and substance of the inquiry and the response. | But Biomet conducted a reasonable search and found nothing. | |
| Int 16 | Have you been contacted by Plaintiff, any of his physicians, or anyone on behalf of Plaintiff concerning Plaintiff, other than Plaintiff's counsel? If your answer is "yes," please provide the following:<br>(a) State the name of the person(s) who contacted you;<br>(b) State the person(s) who were contacted including their name, address and telephone number; and | Overbroad<br>Not reasonably limited in scope or time frame.<br>Seeks information about other products.<br>More convenient and less burdensome to obtain Plaintiff's medical providers.<br><br>But Biomet conducted a reasonable search and found nothing not already produced. | Motion to compel denied in light of search already conducted. |

| | | | |
|---|---|---|---|
| | (c) State the sum and substance of the communications. | | |
| Int 17 | Do any MedWatch form(s) refer or relate to Plaintiff? If your answer is "yes," please provide the following: (a) State the name of the person(s) who created the form, including their name, address, telephone number and job title if employed by Defendants; (b) State the date the form(s) was completed; and (c) State the sum and substance of the information contained in the form(s). | Cumulative, duplicative. | Motion to compel denied. Information sought is duplicative. |
| Int 18 | For any and all MedWatch form(s) identified in the previous Interrogatory, did you create any back-up documentation and/or conduct any evaluations concerning Plaintiff? If your answer is "yes," please provide the following: (a) State the name of the person(s) who created the back-up documentation and/or conducted the evaluations, including their name, address, telephone number and job title if employed by Defendants; (b) State the date the | Cumulative, duplicative. | Motion to compel denied. Information sought is duplicative. |

| | | | |
|---|---|---|---|
| | back-up documentation was created and/or evaluations were conducted; and (c) State the sum and substance of the information contained in the back-up documentation and/or results of the evaluations. | | |
| Int 20 | Identify and state in detail the substance of all information obtained by the Defendants regarding Plaintiff and/or any member of Plaintiff's immediate family including, but not limited to the following: (a) All medical records, laboratory results, any medical evidence in Defendants' possession relating to the Plaintiff; (b) Any surveillance documents, data, videotapes or information; (c) Any information relating to Plaintiff's employment or the employment of his spouse or immediate family; (d) Statements, interviews, discussions or communications with Plaintiff, Plaintiff's family, Plaintiff's employers or work colleagues or any of Plaintiff's friends; (e) Statements, | Vague and ambiguous. Equally accessible to plaintiff as to Biomet through Record Trak. | Motion to compel denied. Information equally available to plaintiff. |

| | | | |
|---|---|---|---|
| | interviews, discussions or communications with Plaintiff's Physician(s) or any attorney representing Plaintiff's treating Physician(s). | | |
| Int 21 | Identify every affirmative defense that Defendants are asserting in this specific case, and state in detail the factual basis for asserting the defense. | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted. |
| Int 22 | Identify any potential parties to this lawsuit and state in detail the factual basis for your belief that this entity is an appropriate party. | Premature; calls for a legal conclusion. Will supplement. | Motion to compel granted. |
| | | | |
| RFP 3 | Produce a copy of all written documents and materials provided by Biomet to PLAINTIFF's treating orthopedic physician. | Overly broad, unduly burdensome, and not reasonably limited in scope or time frame. Seeks documents about other products. Cumulative and duplicative. | Motion to compel denied. Information sought is, to the extent it relates to Ms. Williams and her device, duplicative. |
| RFP 4 | Produce all written documents and materials Biomet, sales representatives, or sales companies provided to PLAINTIFF'S orthopedic surgeon concerning the BIOMET HIP SYSTEM. | Overly broad, unduly burdensome, and not reasonably limited in scope or time frame. Seeks documents about other products. Seeks documents not in Biomet's possession. Cumulative and duplicative. | Motion to compel denied. Information sought is, to the extent it relates to Ms. Williams and her device, duplicative. |

| RFP 5 | Produce each "Dear Doctor" or "Dear Health Care Provider" letter that you contend was sent to Plaintiff's Health Care Provider(s). In addition, produce the database or documents that demonstrate that the letter(s) were sent. | Cumulative, duplicative. | Motion to compel denied. Information sought is duplicative. |
|---|---|---|---|
| RFP 6 | Produce any and all documents relating to whether PLAINTIFF'S Orthopedic Health Care Provider(s) were ever invited to attend and/or did in fact attend any Defendants' sponsored conferences or events; the title; location and date of the conferences or events attended; the topic of the conferences or events; all speakers at the conference or events; and the agenda/brochure for the conference or events. | Overbroad Not reasonably limited in scope or time frame. Seeks information about other products. More convenient and less burdensome to obtain Plaintiff's medical providers.<br><br>But Biomet will conduct a reasonable search and produce responsive documents. *Corresponds to Interrogatory 14.* | Motion to compel overruled in light of promise of search. |
| RFP 7 | Produce any and all documents related to whether PLAINTIFF'S Physician(s) ever contacted YOU to request information concerning the BIOMET HIP SYSTEM, its indications, its effects and/or its risks. | Overbroad Not reasonably limited in scope or time frame. Seeks information about other products. More convenient and less burdensome to obtain Plaintiff's medical providers.<br><br>But Biomet will conduct a reasonable search | Motion to compel overruled in light of promise of search. |

| | | and produce responsive documents. *Corresponds to Interrogatory 15.* | |
|---|---|---|---|
| RFP 8 | Produce a copy of any MedWatch form that refers or relates to PLAINTIFF, including backup documentation concerning PLAINTIFF and any evaluation YOU did concerning the PLAINTIFF. | Cumulative, duplicative. | Motion to compel overruled. Information sought is duplicative. |
| RFP 12 | For each component of PLAINTIFF'S BIOMET HIP SYSTEM identified in Interrogatory No. 8, produce a copy of the complaint file(s) for the PLAINTIFF. For each component of the PLAINTIFF'S BIOMET HIP SYSTEM, provide the Device History Record. | Cumulative, duplicative. | Motion to compel overruled. Information sought is duplicative. |
| RFP 13 | Produce all documents containing information obtained by the Defendants regarding PLAINTIFF and/or any member of PLAINTIFF'S immediate family including, but not limited to the following: (a) All medical records, laboratory results, information or any medical evidence in Defendants' possession relating to the PLAINTIFF; (b) Any surveillance documents, data, videotapes or | Vague and ambiguous. Equally accessible to plaintiff as to Biomet through Record Trak.<br><br>But Biomet has no documents responsive to subparts b, c, d, e, g, and h. | Motion to compel denied. Information equally available to plaintiff. |

19

| | | | |
|---|---|---|---|
| | information;<br>(c) Any information relating to PLAINTIFF's employment or the employment of his spouse or immediate family;<br>(d) Statements, interviews, discussions or communications with PLAINTIFF, PLAINTIFF'S family, PLAINTIFF'S employers or work colleagues or any of PLAINTIFF'S friends;<br>(e) Statements, interviews, discussions or communications with PLAINTIFF'S Physician(s);<br>(f) All written documents that relate to, identify, and/or discuss PLAINTIFF;<br>(g) All documents relating to the PLAINTIFF'S financial records in the possession of Defendants, their experts or agents;<br>(h) All documents obtained via social media websites, including, but not limited to, Facebook, Twitter, Instagram, any dating/match-making websites, as well as any website providing free or paid background checks. | | |
| RFP 14 | Produce any document reflecting any actual | Cumulative, duplicative. | Motion to compel denied. Information |

| | communication between YOU and PLAINTIFF'S Physician(s) concerning the risks and benefits associated with the BIOMET HIP SYSTEM. | | sought is duplicative. |
|---|---|---|---|
| RFP 16 | Produce any document sent to or received from any of PLAINTIFF'S physician(s). | Overly broad, unduly burdensome. Vague and ambiguous. Not reasonably limited in scope of time frame and seeks documents about other products. Seeks documents in possession of others. | Motion to compel denied. Request is overbroad. |
| RFP 20 | Produce documents sufficient to identify each of your sales representatives or the like who sold the BIOMET HIP SYSTEM in PLAINTIFF'S home state, including also their sales territory and related dates of promotion. For each sales representative, produce a copy of the following: (a) their custodial file; (b) personnel file; (c) call notes/sheets; (d) IMS data; (e) customer notes; (f) weekly sales notes; (g) customer belief notes; (h) tracking notes; (i) postings on Defendant's message boards; and/or (j) video files. | Overly broad, unduly burdensome. Vague and ambiguous as to "custodial file," "call notes/sheets," "IMS data," "customer notes," "weekly sales notes," "customer belief notes," "tracking notes," "Defendant's message boards," and "video files." Not reasonably limited in scope or time frame and seeks documents about other products. Seeks documents in others' possession.

But other discovery identifies distributor representative | Motion to compel denied as duplicative to the extent it addresses case-specific information. |

| | | company and sales representative involved plaintiff's device | |
|---|---|---|---|
| RFP 21 | Produce documents sufficient to identify any third-party sales representatives or the like (both natural persons and entities) who or which sold the BIOMET HIP SYSTEM in PLAINTIFF'S home state, including also their sales territory and related dates of promotion. For each sales representative, produce a copy of the following: (a) their custodial file, (b) personnel file; (c) call notes/sheets; (d) IMS data; (e) customer notes; (f) weekly sales notes; (g) customer belief notes; (h) field or ride-along reports; (i) surgical observation reports; (j) Medical Device Reports and/or medical device reports and/or (k) tracking notes. | Overly broad, unduly burdensome. Vague and ambiguous as to "custodial file," "call notes/sheets," "IMS data," "customer notes," "weekly sales notes," "customer belief notes," "tracking notes," "Defendant's message boards," and "video files." Not reasonably limited in scope or time frame and seeks documents about other products. Seeks documents in others' possession.<br><br>But other discovery identifies distributor representative company and sales representative involved plaintiff's device | Motion to compel denied as duplicative to the extent it addresses case-specific information. |
| RFP 22 | Produce all documents that relate to or reflect tangible things or other materials ever provided by Defendant to physicians or pharmacies to promote the BIOMET HIP SYSTEM in PLAINTIFF'S home state, including but not | Overly broad, unduly burdensome. Unreasonably disproportionate. Not reasonably limited in scope or time frame and seeks documents about other products. Cumulative, | Motion to compel denied. Request seeks non-case specific information and information equally available to plaintiff at same cost as Biomet. |

| | | limited to notepads, calendars, office supplies, meals, promotional materials, financial contributions, product descriptions, product literature, books regarding the BIOMET HIP SYSTEM and other such promotional materials. | duplicative.

Biomet refers plaintiff to searchable Record Trak materials. | |
|---|---|---|---|---|
| RFP 23 | | Produce all documents that relate to or reflect training materials for the training of sales representatives, distributors or the like employed by Defendant or third parties in PLAINTIFF'S home state to promote the BIOMET HIP SYSTEM, including but not limited to instructions, memorandum, PowerPoints, emails, newsletters, films, scripts, questions and answers, alerts, role plays, videos, voice mail blasts, webcasts, pictures, scientific or medical information or other materials or information. | Overly broad, unduly burdensome. Unreasonably disproportionate. Not reasonably limited in scope or time frame and seeks documents about other products. Cumulative, duplicative.

Biomet refers plaintiff to searchable Record Trak materials. | Motion to compel denied. Request seeks non-case specific information and information equally available to plaintiff at same cost as Biomet. |
| RFP 24 | | All contracts with third parties in connection with failed and/or returned BIOMET HIP SYSTEM from PLAINTIFF'S medical providers for storage, research, examination, inspection and/or testing. | Overly broad, unduly burdensome. Unreasonably disproportionate. Not reasonably limited in scope or time frame and seeks documents about other products. | Motion to compel denied. Request seeks non-case specific information and information equally available to plaintiff at same cost as Biomet. |

|  |  | Cumulative, duplicative.<br><br>Biomet refers plaintiff to searchable Record Trak materials. |  |
| --- | --- | --- | --- |
| RFP 27 | Produce all documents that relate to any proposed or instituted collection, retrieval or storage by you (or any one acting on your behalf) from PLAINTIFF physicians, hospitals, sales representatives, or device suppliers of any BIOMET HIP SYSTEM which had already been implanted in PLAINTIFF. | Vague and ambiguous as to "proposed or instituted collection, retrieval or storage." Seeks documents in third parties' possession.<br><br>Biomet refers plaintiff documents already produced, which include all responsive documents. | Motion to compel denied because Biomet has produced what it has. |
| RFP 28 | Produce all documents that relate to any proposed or instituted tests, analysis, evaluations or investigations or PLAINTIFF'S explanted or withdrawn BIOMET HIP SYSTEM which were returned to, or collected by, you. | Vague and ambiguous as to "proposed or instituted tests, analysis, evaluations or investigations."<br><br>Biomet refers plaintiff documents already produced, which include all responsive documents. | Motion to compel denied because Biomet has produced what it has. |